IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ERIC KESSLER,

    Plaintiff,

vs.            Case No. 12-1125-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

    Defendant.


MEMORANDUM AND ORDER

  This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

  The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On September 21, 2010, administrative law judge (ALJ) James Harty issued his decision (R. at 11-20). Plaintiff alleges that he has been disabled since February 15, 2007 (R. at 11). Plaintiff is insured for disability insurance benefits through

March 31, 2013 (R. at 13).  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 13).  At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disk disease of the lumbar spine, status post surgery, and a history of surgery on the left knee (R. at 13). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 14).  After determining plaintiff's RFC (R. at 14), the ALJ determined at step four that plaintiff is unable to perform her past relevant work (R. at 18).  At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 19).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 19-20).

**III. Are the ALJ's RFC findings supported by substantial evidence, including the medical opinion evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the

ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review.

Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ made the following RFC findings for the plaintiff:

> …the claimant has the residual functional capacity to perform light work…in that he can lift 20 pounds occasionally and 10 pounds frequently; can stand and/or walk about 6 hours out of an 8 hour workday, with normal breaks; can sit for about 6 hours out of an 8 hour workday, with normal breaks; and push and/or pull to same weights except the claimant must be afforded the option to sit for up to 1 hour, then stand up to 1 hour. The claimant is limited to occasional pushing and pulling with the upper extremities; must avoid climbing ladders, ropes or scaffolds; is limited to occasional postural maneuvers such as stooping, kneeling, crouching, crawling, and climbing ramps and stair[s]; but can do up to frequent balancing. The claimant must avoid concentrated exposure to cold temperature extremes and vibration.

(R. at 14).

On July 3, 2008, Dr. Koprivica performed an independent medical examination on the plaintiff (R. at 298-310). Dr. Koprivica stated that plaintiff was being evaluated for trauma from injuries sustained on February 15, 2007 (R. at 298); this date is plaintiff's alleged onset date of disability (R. at 11). Dr. Koprivica opined that plaintiff had the following limitations:

> -Plaintiff can lift on a one-time basis up to 70 pounds.

7

>       -In general, he would recommend that
>       plaintiff limit physical demand activities
>       to 50 pounds.  He recommends occasional
>       lifting or carrying tasks with flexibility
>       in doing tasks.
>
>       -Ideally, plaintiff would limit the amount
>       of bending at the waist, pushing, pulling or
>       twisting tasks.  Self-pacing and avoidance
>       of frequent or constant activities of this
>       sort would be recommended.
>
>       -Postural allowances would also be
>       recommended.  As a general guideline,
>       captive sitting intervals of an hour along
>       with standing and walking intervals of one
>       hour would be recommended.  Flexibility in
>       changing between these activities as
>       necessary would be recommended.

(R. at 309-310).

The ALJ never mentioned the opinions of Dr. Koprivica in his decision.  An ALJ must evaluate every medical opinion in the record.  <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1215 (10th Cir. 2004).  Even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored.  Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3.

However, the court finds that the failure of the ALJ to consider the opinions of Dr. Koprivica is harmless error because the ALJ's RFC findings are essentially consistent with, or even more restrictive than, the opinions of Dr. Koprivica. The weight limits in the RFC findings are actually greater than

those in Dr. Koprivica's report.  The ALJ's RFC findings generally incorporate Dr. Koprivica's opinion that plaintiff be allowed to sit for up to one hour, and stand for up to one hour, with flexibility in changing between these activities.  The ALJ's limitations in postural maneuvers is also consistent with the opinion of Dr. Koprivica that plaintiff avoid frequent or constant postural activities.  Although the ALJ found that plaintiff could perform frequent balancing, Dr. Koprivica did not find that plaintiff was limited in his ability to balance.

The ALJ's RFC findings also give great weight to a state agency assessment conducted by Dr. Parsons (R. at 17).  The ALJ's RFC findings either adopt, or are even more restrictive than, the exertional, postural, and environmental limitations set forth by Dr. Parsons (R. at 14, 328-335).

The record also contains a medical source statement-physical from Dr. Khanam, a treating source, who opined on August 19, 2010 that plaintiff could only stand/walk for less than 1 hour in an 8 hour workday, could only sit for less than 1 hour in an 8 hour workday, could not perform numerous postural activities, and would need to lie down every 2 hours for 15 minutes (R. at 402-403).  The ALJ stated the following regarding this opinion:

> The undersigned finds Dr. Khanam's opinion
> is conclusory at best, as it does not
> contain an explanation of specific reasons

9

> for any [of] these limitations. As
> discussed above, when Dr. Khanam examined
> the claimant in January 2010, it was noted
> that the claimant's straight leg raise was
> negative; his motor function was 5/5 in all
> extremities; sensation was intact; and that
> he had good range of motion of his left
> knee. Dr. Khanam indicated the claimant
> would not need to be seen for another year
> unless something further developed (Exhibit
> 11F, p. 27). This certainly does not support
> limiting the claimant to sanding and sitting
> a total of less than two hours in an 8-hour
> workday. There is no evidence of any
> additional trauma or worsening of symptoms
> that would justify such extreme limitations.
> The undersigned also finds that Dr. Khanam's
> opinion is not consistent with the
> longitudinal record as a whole. There are
> no other medical providers who have placed
> such limitations upon the claimant. Because
> Dr. Khanam's opinion is internally
> inconsistent, not well supported and not
> supported by or consistent with the evidence
> as a whole, it has been given little weight.

(R. at 16-17).

As the ALJ stated, the January 2010 medical report signed by Dr. Khanam indicated that plaintiff's straight leg raising was negative, motor function was 5/5 in all four extremities, sensation was intact, and there was no swelling or grinding sensation in the left knee, with a good range of motion in the left knee. Dr. Khanam felt there was no need to see plaintiff for a year, although he could be seen sooner if needed (R. at 366). The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d

903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).

In the case before the court, the ALJ relied on the medical treatment records of Dr. Khanam, other medical opinion evidence, and the fact that no other medical source indicated that plaintiff had the restrictions found by Dr. Khanam, to give little weight to the opinions of Dr. Khanam. The court finds that substantial evidence supports the ALJ's determination to give little weight to the opinions of Dr. Khanam. Furthermore, the court finds that substantial evidence, including the opinions of Dr. Koprivica and Dr. Parsons, supports the ALJ's RFC findings.

**IV. Did the ALJ err in his credibility analysis?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th

Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

Plaintiff testified that, after his alleged onset date of disability, he worked for 4-6 months cutting up metal and scrap on a farm, that he occasionally carried up to 70 pounds, and that there were days in which he worked 8-10 hours a day (R. at 30-34, 41). Plaintiff also testified that he worked as a car salesman for 30-35 days in 2009 (R. at 69-71, 141), after his alleged onset date of disability. Although he testified that he quit because of the pain, he also noted that it was not paying

him enough money to put up with the pain (R. at 69-71). Plaintiff's supervisor at this job indicated that there were no limitations or impairments in plaintiff's ability to perform the job, he performed his duties in a timely and satisfactory manner, and that plaintiff quit because he informed his supervisor that he found another job; the supervisor would rehire him (R. at 242-244). The ALJ relied on this testimony and evidence to find that plaintiff's allegations regarding the intensity, persistence and limiting effects of his impairments were not fully credible (R. at 17-18).[2] The ALJ also relied on the medical evidence, including the opinions of Dr. Koprivica and Dr. Parsons. The court will not reweigh the evidence. The court finds that substantial evidence supports the ALJ's credibility findings.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 15th day of May, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[2] The ALJ did not indicate in his decision that he found plaintiff less credible because of the nature of, or lack of treatment, as alleged by plaintiff in his brief.